FILED

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCA MORALEZ,

Plaintiff-Appellee,

v.

76 ORINDA; et al.,

Defendants-Appellants.

No. 19-17241

D.C. No. 3:17-cv-03779-VC
Northern District of California,
San Francisco

ORDER

Before: McKEOWN and NGUYEN, Circuit Judges, and WHALEY,* District Judge.

The panel has voted to amend the memorandum disposition filed in this case on October 16, 2020. The amended memorandum disposition is attached hereto.

The panel votes to deny the petition for rehearing.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions for rehearing or petitions for rehearing en banc will be entertained.

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

The panel also votes to deny the motion to take judicial notice.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCISCA MORALEZ,

            Plaintiff-Appellee,

    v.

76 ORINDA; et al.,

            Defendants-Appellants.

No.    19-17241

D.C. No. 3:17-cv-03779-VC

AMENDED MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 14, 2020[**]
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,[***] District
Judge.

    76 Orinda, Sadia Ghani Iqbal, Nadeem Ghani Iqbal, and Bushra Begum

(together, "76 Orinda") appeal the district court's orders denying their motion to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

disqualify and awarding attorney's fees and costs to Francisca Moralez following the settlement and dismissal of her action brought under Title III of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, and the California Health and Safety Code. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying 76 Orinda's motion to disqualify. The district judge's comments, which stem only from 76 Orinda's counsel's behavior during the proceedings, fall well below the threshold necessary to support a bias or partiality challenge. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

Nor did the district court abuse its discretion in awarding attorney's fees. Contrary to 76 Orinda's contention, a plaintiff is not required to provide additional evidence proving her claims, following settlement, to obtain attorney's fees. The ADA contains a straightforward fee-shifting provision that allows a "prevailing party" to recover "a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. 76 Orinda does not dispute that Moralez is a prevailing party under the ADA. "A prevailing plaintiff under the ADA should

2

ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal quotation marks omitted). No special circumstances rendered an award unjust here, and the district court's fee award was reasonable. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).

Finally, the district court did not err in failing to reconcile ADA case law with California Senate Bill 269. Subject to exceptions that do not apply here, we will not consider an issue raised for the first time on appeal. *See Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985). 76 Orinda waived this issue by failing to raise the argument below.

**AFFIRMED.**